UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ELIZABETH CAYMARES<br>Debtor | : | CHAPTER 13 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | CASE NO. 5-23-bk-02305-MJC |

### TRUSTEE'S MOTION FOR RECONSIDERATION OF ORDER APPROVING STIPULATION AND AGREED ORDER ALLOWING CATERPILLAR FINANCIAL SERVICES CORPORATION TO FILE A PROOF OF CLAIM AFTER THE BAR DATE

AND NOW, this 6th day of March, 2024, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, for Middle District of Pennsylvania, by and through his attorney, Agatha R. McHale, and moves for reconsideration of the Order Approving Stipulation and Agreed Order, entered on March 5, 2024, as follows:

1. On March 1, 2024, Debtor and Caterpillar Financial Corporation ("CAT Financia") filed a Stipulation whereby they agreed that CAT Financial could file its Proof of Claim after the bar date, and that entry of an Order approving the Stipulation would "be without prejudice to the rights of the Debtor or any party in interest to object to such Proof of Claim for a reason other than timeliness of filing same."

2. The Trustee is not a signatory to the Stipulation, and on March 5, 2024, the undersigned prepared an Objection to the Stipulation, a copy of which is attached thereto and incorporated herein as if set forth in full.

3. Reconsideration of an Order may be appropriate where the movant can prove an intervening change in controlling law; the availability of new evidence, or the need to correct clear error of law or to prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995).

4. As noted in the Trustee's Objection to Stipulation and Agreed Order, Bankruptcy Rule 3002(c)(6) provides a mechanism for allowance of a late claim under certain circumstances, but only after motion and a finding by the court that notice to the creditor was insufficient to give the creditor a reasonable time to file a timely claim.

5. Allowance of a late claim by stipulation and agreed order circumvents Bankruptcy Rule 3002(c)(6).

6. Moreover, allowance of a late claim by CAT Financial for $423,910.52 without a finding by the Court that the untimely claim is justified is unfair to the timely unsecured creditors because the unsecured creditors are being paid pro rata in this case.

WHEREFORE, the Trustee respectfully prays this Honorable Court vacate the Order Approving Stipulation and Agreed Order entered on March 5, 2024.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Agatha R. McHale
Attorney for Trustee

## CERTIFICATE OF SERVICE

        AND NOW, this   6th   day of March, 2024, I hereby certify that I have served the within Motion by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Michael Cibik, Esquire
1500 Walnut Street, Suite 900
Philadelphia, PA   19102

Caterpillar Financial Services Corp.
c/o Peter Russ and Kelly Neal
501 Grant Street, Suite 200
Pittsburgh, PA   15219

        /s/Deborah A. DePalma
        Office of Jack N. Zaharopoulos
        Standing Chapter 13 Trustee