IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (WILKES-BARRE)

| | |
|---|---|
| In re: | Chapter 13 |
| Elizabeth Caymares, | Case No.: 23-02305 (MJC) |
| Debtor. | Related Docs. 42, 43, 44 |
| | Objections due by: March 21, 2024 |
| | Hearing date: March 28, 2024, 10:00 a.m. |

## CATERPILLAR FINANCIAL SERVICES CORPORATION'S (I) RESPONSE TO TRUSTEE'S MOTION FOR RECONSIDERATION AND OBJECTION TO ORDER GRANTING LEAVE TO AMEND CLAIM AND (II) MOTION FOR LEAVE TO FILE CLAIM AFTER BAR DATE

AND NOW comes Caterpillar Financial Services Corporation ("CAT Financial"), by and through its undersigned counsel, hereby files (I) Response to Trustee's Motion For Reconsideration And Objection To Order Granting Leave To Amend Claim [Doc. #43] And (II) Motion For Leave To File Claim After Bar Date, along with the Declaration of Erin O'Quinn (the "O'Quinn Declaration"). In support of this Response, CAT Financial respectfully states as follows:

### INTRODUCTION

1. CAT Financial respectfully requests that the Court allow CAT Financial to file a claim after the December 15, 2023 bar date ("Bar Date"). As set forth in the O'Quinn Declaration, CAT Financial had no notice of this case until after the Bar Date passed because the Debtor failed to schedule CAT Financial as a creditor. To date, CAT Financial has not received any formal notice of this case or the Bar Date.

2. The Debtor agreed that CAT Financial may file a proof of claim after the Bar Date

and CAT Financial and the Debtor entered into a Stipulation and Agreed Order which was approved by the Court. However, the Chapter 13 Trustee (the "Trustee") has objected to the entry of the Stipulation and Agreed Order and has sought reconsideration.

3. For the reasons set forth herein, CAT Financial respectfully requests that the Court overrule the Trustee's objection and motion for reconsideration. Alternatively, CAT Financial moves the Court for leave to file a proof of claim after the bar date on the grounds that CAT Financial did not have reasonable (or any) notice of this case until after the Bar Date.

## BACKGROUND

4. On or about October 26, 2023 (the "Petition Date"), Elizabeth Caymares (the "Debtor") filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").

5. As set forth more fully in CAT Financial's proof of claim filed in this case as Claim No. 7 (the "Proof of Claim"), on or about August 29, 2022, the Debtor executed that certain Continuing Guaranty (CFSC and CFCA as Beneficiaries) in favor of Caterpillar Financial Services Corporation and Caterpillar Financial Commercial Account Corporation (the "Guaranty"). Proof of Claim, Ex. A.

6. Pursuant to the Guaranty, the Debtor unconditionally guaranteed prompt payment and performance of all obligations of Konstruction Built LLC ("Konstruction") to CAT Financial.

7. Konstruction is indebted to CAT Financial pursuant to that certain Installment Sale Contract No. 001-7008633 dated August 29, 2022 (the "Security Agreement") with Holt Texas, LTD ("Holt"), subsequently assigned to CAT Financial, pursuant to which the CAT Financial financed the Konstruction's purchase of certain equipment, namely, (i) 259D3 Caterpillar Compact Track Loader (S/N CW920447), (ii) 259D3 Caterpillar Compact Track Loader (S/N CW920423),

2

(iii) 259D3 Caterpillar Compact Track Loader (S/N CW920426), (iv) 259D3 Caterpillar Compact Track Loader (S/N CW920442), (v) 259D3 Caterpillar Compact Track Loader (S/N CW 920445), and (vi) 259D3 Caterpillar Compact Track Loader (S/N CW920453) (collectively, the "Equipment"). Proof of Claim, Ex. B, C.

8. Konstruction is in default under the Security Agreement and the Debtor is in default under the Guaranty.

9. As set forth in the Proof of Claim, the balance due and owing to CAT Financial is $425,910.52.

10. CAT Financial had no knowledge of this bankruptcy proceeding until February 2024.

11. On or about February 5, 2024, Debtor's counsel contacted CAT Financial's outside counsel to inform them that the Debtor had commenced a chapter 13 bankruptcy proceeding in this Court. O'Quinn Decl., **Exhibit 1**.

12. Until February 5, 2024, CAT Financial had not received any notice of this case, of the plan, or of the Bar Date. O'Quinn Decl. ¶ 7, Ex. 1.

13. Upon learning of the case, CAT Financial promptly sought approval from the Debtor to file the claim.

14. On March 1, 2024, CAT Financial and the Debtor entered into that certain Stipulation and Agreed Order allowing CAT Financial to file a Proof of Claim after the Bar Date. [ECF 38]

15. The Court approved the Stipulation and Agreed Order on March 5, 2024. [ECF 42]

16. CAT Financial filed its proof of claim on February 29, 2024, which was designated as Claim 7 on the Claims Register.

17. On March 6, 2024, the Trustee filed a Motion for Reconsideration ("Motion for Reconsideration") on the grounds that the Stipulation and Agreed Order runs afoul of Bankruptcy Rule 3002(c)(6). [ECF 43].

**GROUNDS FOR RELIEF**

18. A motion for reconsideration is only proper under the following circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Tucker v. Hewlett Packard, Inc.*, 20-1101, 2021 WL 4060636, at *2 (3d Cir. Sept. 7, 2021) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

19. Reconsideration of the Stipulation and Agreed Order is not appropriate. First, there has been no intervening change in controlling law since the Court approved the Stipulation and Agreed Order. Second, there are no new facts. Third, the law is clear that the Court has discretion to allow a proof of claim after the bar date where a creditor did not have reasonable notice of the bar date.

20. It is settled law that a claimant who is not apprised with reasonable notice of the bar date, is not bound by the legal effects of the confirmation of the plan and should be allowed to file a late proof of claim. *See In re Mazik,* 592 B.R. 812 (Bankr. E.D. Pa. 2018) (allowed creditor file a late proof of claim under Bankr. R. 3002(c)(6) where the creditor did not receive notice until after bar date); *In re Fitzgerald,* 2020 WL 5745973 (Bankr. M.D. Fla. 2020) (noting that relief under Rule 3002(c)(6) is permissive and the facts supported granting the creditor's motion for leave to file late claim where notice was delivered to an incorrect address); *In re Vanderpol,* 606 B.R. 425 (Bankr. D. Colo. 2019); *In re Eagle Bus. Mfg., Inc.*, 62 F.3d 730, 735 (5th Cir. 1995); *In re Spring Valley Farms, Inc.*, 863 F.2d 832, 834-35 (11th Cir. 1989); *In re Sharon Steel Corp.*, 110

4

B.R. 205, 207-08 (Bankr. W.D. Pa. 1990) (holding that courts have traditionally allowed creditors to file late proofs of claims notwithstanding their failure to timely file the claims where they were not provided with reasonable notice of bar date); *In re Cole*, 146 B.R. 837, 840-43 (D. Colo. 1992) (extending bar date for omitted creditor on due process grounds); *In re Anderson*, 159 B.R. 830, 836-39 (Bankr. N.D. Ill. 1993) (same); *In re Avery*, 134 B.R. 447, 449 (Bankr. N.D. Ga. 1991) (same); *In re Grand Union Co.*, 204 B.R. 864, 870 (Bankr. D. Del. 1997) (inadequate notice of the bar date, in and of itself, is a separate ground upon which a late proof of claim is allowed to be filed).

21. Bankruptcy Rule of Procedure 3002(c)(6) expressly provides that the Court may extend the time for filing a proof of claim if notice was insufficient in the circumstances.

> (6) On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

22. Grounds exist under Bankruptcy Rule 3002(c)(6) to allow the Proof of Claim under to be filed after the Bar Date because CAT Financial did not have reasonable notice of the Bar Date.

23. As set forth above and in the O'Quinn Declaration, CAT Financial was not listed as a creditor in this case and did not receive notice of the Bar Date. Further, Debtor's counsel has agreed that CAT Financial may file the Proof of Claim after the Bar Date.

24. CAT Financial acknowledges that a formal motion for leave was not filed and instead CAT Financial and the Debtor entered into the Stipulation and Agreed Order. If this Court is inclined to require a motion, CAT Financial hereby respectfully moves this Court to allow the Proof of Claim after the Bar Date pursuant to Bankruptcy Rule 3002(c)(6).

WHEREFORE, Caterpillar Financial Services Corporation respectfully requests either (1) denial of the Motion to Reconsider, or in the alternative, (2) entry of an order granting leave to file a proof of claim after the Bar Date, together with such other relief as this Court deems just and proper.

Respectfully Submitted,

Dated: March 21, 2024

**BUCHANAN INGERSOLL & ROONEY PC**

<u>/s/ Kelly M. Neal</u>
Peter S. Russ, Esquire (PA Id. 58284)
Kelly M. Neal, Esquire (PA Id. No. 306473)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15241
Tel: (412) 562-8800
Fax: (412) 562-1041
peter.russ@bipc.com
kelly.neal@bipc.com
*Counsel for Caterpillar Financial Services Corporation*