IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (WILKES-BARRE)

| | |
|---|---|
| In re:<br><br>ELIZABETH CAYMARES,<br><br>    Debtor. | Chapter 13<br><br>Case No.: 23-02305 (MJC) |
| CATERPILLAR FINANCIAL SERVICES CORPORATION,<br><br>    Movant,<br><br>    v.<br><br>ELIZABETH CAYMARES,<br><br>    Respondent. | Objection Deadline: May 3, 2024 |

## MOTION OF CATERPILLAR FINANCIAL SERVICES CORPORATION FOR LEAVE TO CONDUCT RULE 2004 EXAMINATION OF DEBTOR

Caterpillar Financial Services Corporation ("CAT Financial"), by and through its undersigned counsel, submit the within Motion for Leave to Conduct Rule 2004 Examination of Debtor Elizabeth Caymares ("Debtor"), and in support thereof, respectfully aver as follows:

*Factual Background*

1. On or about October 26, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor is a guarantor under an Installment Sales Contract entered into among CAT Financial and Konstruction Built LLC ("Konstruction"). Under the Installment Sales

1

Contract, CAT Financial financed Konstruction's purchase of six (6) pieces of construction equipment described more fully therein (the "Collateral"). (Proof of Claim of CAT Financial, Claim No. 7, Ex. B).

3. The Debtor signed the Installment Sales Contract as a "member" of Kontsruction. *Id.*, Ex. B.

4. Konstruction is in default under the terms and conditions of the Installment Sales Contract.

5. To date, CAT Financial has not recovered any of the Collateral. Upon information and belief, the Debtor and/or Konstruction sold the Collateral without CAT Financial's knowledge or consent and misappropriated the proceeds.

6. Further, upon information and belief, the Debtor and/or Konstruction may have made knowingly false or misleading statements to CAT Financial in connection with the application for the financing.

## **GROUNDS FOR RELIEF**

7. Federal Rule of Bankruptcy Procedure 2004 provides as follows in relevant part thereto:

> *(a) Examination on Motion.* On motion of any party in interest, the court may order the examination of any entity.
>
> *(b) Scope of Examination.* The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate or to the debtor's right to a discharge. In a family farmer's debt adjustment case under chapter 12, an individual's debt adjustment case under chapter 13, or a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its

continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

Fed. R. Bankr. P. 2004.

8. The scope of a Rule 2004 examination is "broad and unfettered." *In re DeWitt*, 608 B.R. 794, 797 (Bankr. W.D. Pa. 2019).

9. The Court has discretion to order a 2004 exam if good cause is shown. "Generally, good cause is shown if the [Rule 2004] examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *DeWitt*, 608 B.R. at 798-799 (internal citation omitted).

10. CAT Financial is a party in interest because it holds a significant unsecured claim against the Debtor in the amount of $425,910.52. (Claim No. 7).

11. CAT Financial is entitled to a 2004 examination in order to question the Debtor with respect to her business affairs and liabilities including her ownership interest in Konstruction, her management responsibilities with Konstruction, her involvement in the application for the financing with CAT Financial, the sale of the Collateral, and the current location of CAT Financial's collateral and proceeds thereof.

12. Further, to the extent that the Debtor made knowingly false statements to CAT Financial, CAT Financial may have an objection to the Debtor's discharge under Section 523(a)(2) of the Bankruptcy Code.

13. For the foregoing reasons, CAT Financial is entitled to a 2004 examination of the Debtor.

14. CAT Financial has conferred with counsel for the Debtor and the Chapter 13 Trustee and is working toward setting the 2004 examination at a mutually agreeable date and time.

**WHEREFORE**, CAT Financial respectfully requests that this Honorable Court enter an Order granting it leave to conduct a Rule 2004 examination of the Debtor together with such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: April 19, 2024

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Kelly M. Neal*
Peter S. Russ, Esquire (PA Id. No. 58284)
Kelly M. Neal, Esquire (PA Id. No. 306473)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15241
Tel: (412) 562-8800
Fax: (412) 562-1041
peter.russ@bipc.com
kelly.neal@bipc.com
*Counsel for Caterpillar Financial Services Corporation*