IN THE UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA (WILKES-BARRE)

| | | |
|---|---|---|
| In re: | : | CHAPTER 13 |
| | : | |
| ELIZABETH CAYMARES, | : | Case No: 23-02305 (MJC) |
| | : | Related Document No. 50 |
| Debtor. | : | |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CATERPILLAR FINANCIAL SERVICES CORPORATION TO THE CONFIRMATION OF DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN

Caterpillar Financial Services Corporation ("CAT Financial"), by and through its undersigned counsel, Buchanan Ingersoll & Rooney PC, files this limited objection and reservation of rights to the confirmation of the Third Amended Chapter 13 Plan filed by Elizabeth Caymares ("Debtor") as follows:

1. CAT Financial is the holder of an unsecured claim against the Debtor in the amount of $425,910.52 based on the Debtor's personal guaranty of certain equipment financing provided by CAT Financial to Konstruction Built, LLC, a company owned in part and operated by the Debtor. [Claim #7].

2. The Debtor filed her Third Amended Chapter 13 Plan (the "Plan") on March 19, 2024. [ECF #50]. Under the Plan, upon completion of all payments, the Debtor stands to receive a discharge of unsecured debts, including that of CAT Financial.

3. On or about April 19, 2024, CAT Financial filed a motion for 2004 exam. [ECF #59] On May 8, 2024, the Court entered an order directing the Debtor to appear for examination within thirty (30) days. [ECF #61]. On May 29, 2024, the Debtor appeared for a 2004 Examination. [ECF #63].

4. At the 2004 examination, it became clear that the business premise of the Debtor and Konstruction was to purchase equipment on financing then lease and/or sell it immediately for quick cash in violation of the loan documents with CAT Financial. As a result, on June 21, 2024, CAT Financial filed a Complaint objecting to the Debtor's discharge pursuant to Section 523(a) of the Bankruptcy Code. [ECF #64].

5. CAT Financial files this limited objection and reservation of rights in light of the pending dischargeability action. CAT Financial has not objected to the terms of the Plan to the extent of the proposed pro rata payment to unsecured creditors, however the scope and availability of a discharge of CAT Financial's claim must be determined through the discharge action notwithstanding confirmation of the Plan.

**WHEREFORE**, Caterpillar Financial Services Corporation, respectfully requests that the Court deny or limit confirmation of the Debtor's Third Amended Chapter 13 Plan consistent with this limited objection, and such other relief that this Court deems just and equitable.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated: June 26, 2024      By:   */s/ Kelly M. Neal*
Peter S. Russ, Esquire (PA Id. 58284)
Kelly M. Neal, Esquire (PA Id. No. 306473)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15241
Tel: (412) 562-8800
Fax: (412) 562-1041
peter.russ@bipc.com
kelly.neal@bipc.com
*Counsel for Caterpillar Financial Services Corporation*